IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-515-FL

| | | |
|---|---|---|
| GARY L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE ## 20, 22). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's final decision (DE # 24). Plaintiff timely filed an objection to the M&R (DE # 25), and defendant responded (DE # 27). In this posture, the matter is ripe for ruling. For the reasons that follow, the court accepts the magistrate judge's findings and recommendations, rejects plaintiff's objections to the M&R, and upholds the Commissioner's final decision.

## STATEMENT OF THE CASE

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on January 25, 2006, alleging disability beginning October 15, 2005 due to "fractured bone in hip, diabetes and glaucoma." (R. at 14, 55-59, 89.) Plaintiff's claim was denied initially and upon reconsideration. (R. at 40-42, 46-50.) On February 21, 2008, plaintiff appeared before an administrative law judge ("ALJ"). At this hearing, plaintiff was represented by counsel and a

vocational expert testified. (R. at 191-225.) On April 3, 2008, the ALJ issued a decision denying plaintiff's application. (R. at 11-22.) Plaintiff requested a review of the ALJ's decision, and submitted additional evidence in support of his request. (R. at 6, 9-10.) The Appeals Council denied plaintiff's request for review on September 8, 2008. (R. at 3-5.)

On October 14, 2008, plaintiff filed a complaint in this court seeking review of the ALJ's decision. Defendant responded on January 27, 2009. Plaintiff moved for judgment on the pleadings on March 30, 2009, and defendant followed suit on May 28, 2009. The matter was referred to the magistrate judge, who recommended that the court uphold the Commissioner's decision. Plaintiff objected on October 1, 2009, and defendant responded on October 16, 2009.

## DISCUSSION

I.  Standard of Review

This court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's denial of benefits. This court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds) (citing 42 U.S.C. §§ 405(g), 1383(c)(3); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in making such a determination, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the

disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(B). In addressing plaintiff's objection to the M&R, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

II.     Plaintiff's Objections

Plaintiff objects to magistrate judge's review of the ALJ's analysis under the substantial evidence standard. First, he argues that "the ALJ does not . . . suggest what about [plaintiff's] medical information informs and supports a decision that [he] does not meet or equal a listing [under 20 C.F.R. Part 404, Subpart P, App. 1]." (Pl's Obj. 2.) Second, plaintiff contends that the ALJ did not make a proper credibility determination in relation to plaintiff's residual functional capacity. According to plaintiff, that the ALJ was able to point to some evidence in support of his conclusion does not foreclose this court's recognition the ALJ's credibility determination was incorrect.

  A.  The ALJ Made Sufficient Findings to Permit Judicial Review as to Whether Plaintiff Meets One or More Listing Under 20 C.F.R. Pt. 404, Subpt. P, App. 1

Plaintiff argues that the ALJ failed to "present [the court] with findings and determinations sufficiently articulated to permit meaningful judicial review."[1] DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Specifically, plaintiff argues that the ALJ did not adequately explain his conclusions about the medical information that informs and supports the decision that plaintiff does

---

[1] Plaintiff also asserts that the magistrate judge improperly cited to Stirling Smokeless Coal Co. v. Akers, 131 F.3d 438 (4th Cir. 1997), a Black Lung Benefits Act case, as providing the appropriate "substantial evidence" standard for this case. The magistrate judge stated that "the [c]ourt's review is limited to whether the ALJ analyzed all of the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence." (M&R 2.) This is an adequate assessment of the court's role in reviewing the ALJ's determination.

3

not meet or equal a listing. Furthermore, plaintiff argues that the ALJ did not take into account the cumulative or synergistic effects of plaintiff's alleged symptoms in making this determination.

The Fourth Circuit addressed the sufficiency of an ALJ's findings as to listed impairments in Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986). In that case, the court ordered remand where the ALJ failed to identify the relevant listings and to explicitly compare the claimant's symptoms to the requirements of the listed impairments. The court held that "[t]he ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the claimant's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." Id. at 1173.

In a series of later opinions, the court clarified that Cook "does not establish an inflexible rule requiring an exhaustive point-by-point discussion in all cases." Russel v. Chater, 60 F.3d 824, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (per curiam) (unpublished table decision). Meaningful review may be possible even absent the explicit step-by-step analysis set out in Cook where the ALJ discusses in detail the evidence presented and adequately explains his consideration thereof. See, e.g., Green v. Chater, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. Aug. 14, 1995) (per curiam) (unpublished table decision) (finding substantial evidence where ALJ failed to address specific listings, but did "list[] all of the alleged impairments . . . [and] discuss[] why he found many of [claimant's] alleged symptoms . . . not credible [and found others to be] treatable"); Russel, 60 F.3d 824, 1995 WL 417576, at *3 (finding "no impediment to judicial review" where, unlike Cook, the ALJ's findings were not "cursory and internally inconsistent" and he "discussed the evidence in detail and amply explained the reasoning which supported his determination"); Lyall v. Chater, 60 F.3d 823, 1995 WL 417654, at *1 (4th Cir. July 6, 1995) (per curiam) (unpublished table decision)

4

Case 5:08-cv-00515-FL   Document 28   Filed 11/03/09   Page 4 of 8

(finding review possible where "the ALJ's analysis, which extended over two pages, . . . was not confusing or internally inconsistent, as was the ALJ's cursory analysis [in Cook]").

In the instant case, the ALJ did give sufficient explanation to allow the court to determine that substantial evidence supports his decision. First, he specified the listings he considered in making his determination: 1.02 (major dysfunction of a joint), 2.02 (loss of visual acuity), 2.03 (contraction of the visual field), 2.04 (loss of visual efficiency), and 9.08 (diabetes mellitus). He then noted that the medical evidence failed to establish the applicability of the regulations to any of plaintiff's impairments, either individually or in combination. While he did not at that point explicitly compare plaintiff's symptoms to the listings, he later described in detail the medical evidence relevant to plaintiff's alleged symptoms. This discussion, spanning more than two pages, is sufficient to allow the court to perform its reviewing function.

Turning now to that review, the court finds substantial evidence supports that ALJ's determination that plaintiff does not meet or exceed any of the relevant listed impairments. In discussing plaintiff's hip, the ALJ relied heavily on Dr. Bhatti's examination, which found plaintiff to have a full range of motion, no evidence of weakness in his legs, and no difficulty walking when taking Celebrex. The ALJ noted that plaintiff sometimes uses a cane, but that one has never been prescribed for him. The ALJ also noted that plaintiff required only conservative treatment for his hip and that no physicians have ever placed any restriction on his activities. Finally, the ALJ referenced plaintiff's testimony that he performed chores for his landlord, collected aluminum cans in his neighborhood, and was able to drive. As a whole, this evidence is adequate to support the conclusion that plaintiff does not meet listing 1.02 because he is able to ambulate effectively, as he is "capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out

activities of daily living, . . . to travel without companion assistance to and from a place of employment, . . . [and] to walk without the use of a walker, two crutches or two canes . . . ." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.00(B)(2)(b).

In discussing plaintiff's diabetes, the ALJ noted that plaintiff is able to control his diabetes through medication, but is not always compliant with his prescribed treatments. The ALJ also noted that the medical record indicates plaintiff does not suffer from adverse effects from his diabetes, other than occasional high blood sugar caused by failure to take his prescribed medication. This evidence is adequate to support the conclusion that plaintiff does not meet listing 9.08, which requires a showing of neuropathy, regular episodes of acidosis, or visual impairment. The ALJ's discussion of plaintiff's glaucoma, in which he notes that plaintiff's best corrected visual acuity is 20/30 in both eyes with visual fields intact, is likewise sufficient to support the conclusion that plaintiff does not meet listings 2.02, 2.03 or 2.04. Finally, the evidence taken as a whole does not suggest that the combination of plaintiff's symptoms meets any listing.

B. The ALJ's Credibility Determination Is Supported by Substantial Evidence

Plaintiff next objects to the ALJ's determination that plaintiff's allegations of pain and functional restrictions were not fully credible, which led the ALJ to determine that plaintiff has the residual functional capacity to perform light work with a sit/stand option. Plaintiff contends that substantial evidence does not support this conclusion, objecting particularly to the ALJ's use of the fact that plaintiff can still drive and perform chores for his landlord as evidence that he lacks credibility and is able to perform light work. Plaintiff faults the ALJ for focusing exclusively on evidence supporting an unfavorable decision, and contends that a review of all the evidence would lead to a different conclusion as to his residual functional capacity.

Plaintiff's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. In considering a claimant's symptoms for purposes of the residual functional capacity determination, the ALJ must first decide whether objective medical evidence shows the existence of medical impairments that could reasonably cause the alleged pain or other symptoms. Craig, 76 F.3d at 594-95. Once a claimant has met this threshold obligation, the ALJ must evaluate the intensity, persistence, and limiting effects of the alleged pain or other symptoms. Id. at 595. In doing so, the ALJ must take into account the claimant's statements, medical history, objective medical evidence, evidence of claimant's daily activities, and any other relevant evidence. Id.

Here, the ALJ first determined that plaintiff met the initial obligation of putting forward objective medical evidence. In proceeding to the credibility determination, the ALJ noted plaintiff's testimony that he was able to perform a number of activities requiring the ability to walk and stand, including cutting grass, raking leaves, taking out the trash, driving, buying groceries, attending medical appointments, and picking up aluminum cans. He then described the medical evaluation of Dr. Bhatti, who concluded that plaintiff had full range of motion in his extremities and was able to stand on his toes and bend without difficulty. During this evaluation, plaintiff told Dr. Bhatti that he was able to walk without difficulty when taking Celebrex. Finally, the ALJ mentioned that plaintiff's diabetes was controllable with medication, and produced no symptoms dictating any functional restrictions.

Substantial evidence supports the ALJ's determination that plaintiff is able to perform light work with a sit/stand option. First, the ALJ properly determined that the ability of plaintiff to carry out daily activities was inconsistent with his claims of disabling pain. See, e.g., Johnson v. Barnhart,

7

434 F.3d 650, 658 (4th Cir. 2005); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Plaintiff's citation to Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006), in which an ALJ ignored claimant's uncontested testimony that he was in constant pain that severely impaired his ability to perform his daily activities, is unavailing where plaintiff testified he is able to alleviate the pain by alternately standing up or sitting down every hour, which the ALJ took into account by requiring a sit/stand option. Furthermore, based on statements made by plaintiff to Dr. Bhatti, the ALJ concluded that Celebrex alleviated plaintiff's pain. That evaluation also revealed no functional restrictions due to diabetes, which is controllable with medication, or glaucoma. It was reasonable for the ALJ to accord great weight to the evaluation of Dr. Bhatti, who examined plaintiff after the alleged disability onset date and whose opinion is consistent with plaintiff's treating physicians.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested proposed findings and conclusions, the court adopts as its own the magistrate judge's recommendations, rejects plaintiff's objections, and upholds the Commissioner's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 20) is DENIED, and defendant's motion for judgment on the pleadings (DE # 22) is GRANTED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 2nd day of November, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge